Parker v Parker (2024 NY Slip Op 06661)

Parker v Parker

2024 NY Slip Op 06661

Decided on December 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 31, 2024

Before: Webber, J.P., Moulton, Friedman, Mendez, Shulman, JJ. 

Index No. 350048/15 Appeal No. 3346-3347 Case No. 2023-05974, 2024-01022 

[*1]Ulla Parker, Appellant,
v
Kevin Parker, Respondent. 

Mandelbaum Barrett PC, New York (Michael F. Bevacqua, Jr. of counsel), for appellant.
Artese Zandri PLLC, New York (Lauren Artese of counsel), for respondent.

Order, Supreme Court, New York County (Kathleen Waterman-Marshall, J.), entered on or about June 14, 2023, which denied plaintiff's motion for contempt and other relief, and granted defendant's cross-motion for leave to renew his prior motion for an order directing plaintiff to pay the mortgage and carrying costs for the marital apartment from marital assets in her sole name pending a sale, and, upon renewal, granted the motion in part, unanimously modified, on the law and facts, to grant plaintiff's motion to the extent of finding that defendant was in violation of the so-ordered June 13, 2018 stipulation and remanding the matter to the motion court for a determination of the appropriate penalty, and otherwise affirmed, without costs.
Appeal from order, same court and Justice, entered on or about November 13, 2023, which denied plaintiff's motion to reargue (denominated a motion to renew and reargue), unanimously dismissed, without costs, as taken from a nonappealable order.
The court properly concluded that, under the circumstances, the portion of plaintiff's motion seeking contempt as it related to defendant's failure to pay half of the mortgage and the carrying costs for the marital apartment was moot because the parties jointly cured the default by releasing sufficient funds to pay the mortgage arrears from a jointly held account.
Furthermore, the court providently exercised its discretion in granting the branch of defendant's motion for leave to renew his request to direct plaintiff to pay the mortgage and carrying costs for the apartment out of the marital assets held in her name only (see CPLR 2221[e][2]; see also Perlman v Perlman, 163 AD3d 730, 733 [2d Dept 2018]). The court relied on its prior findings that plaintiff had control of nearly 100% of the parties' liquid assets. Defendant also presented new evidence to support the renewal, revealing that plaintiff had unilaterally stopped paying the mortgage and maintenance in November 2022, and that he only became aware of it when he received a letter from the bank in the spring of 2023, a new development that could not have been presented earlier. Additionally, the court properly considered plaintiff's litigation positions regarding the apartment, including her claim that it was her separate property, as well as her attempts to stall the sale, which prompted the court to intervene and authorize defendant to retain a broker to sell the property. Moreover, there was evidence that plaintiff previously unilaterally stopped paying the mortgage on a different jointly owned property before it was sold.
The court providently exercised its discretion in denying plaintiff's request to compel defendant to refinance the mortgage on the property (see Domestic Relations Law § 234). Plaintiff provided no explanation as to why a refinance was necessary or what the new mortgage terms would be, particularly given the order directing the sale of the property and the fact that the parties possessed sufficient [*2]assets to ensure continued payments at the current rate (see Rosenshein v Rosenshein, 211 AD2d 456, 456 [1st Dept 1995]). Plaintiff's requested relief with respect to the unreimbursed health insurance payments was also properly denied because the issue was being heard by the Special Referee in the context of the child support proceeding.
Nevertheless, the court improvidently exercised its discretion by declining to hold defendant in contempt for violating the so-ordered June 13, 2018 stipulation (see Parada v Herron, 223 AD3d 532, 533 [1st Dept 2024]). The two prior findings of contempt were made against defendant for similar violations of the June 2018 stipulation, which obviously have not been effective in deterring his behavior. Thus, we remand the matter to the motion court for a determination of the appropriate penalty.
Plaintiff's appeal from the denial of her motion to renew and reargue is dismissed as taken from a nonappealable order (see Smith v Pereira, 176 AD3d 491, 491-492 [1st Dept 2019]). Specifically, the court properly found that her motion was not based on new facts unavailable at the time of the original motion, and thus was actually a motion for leave to reargue, the denial of which is not appealable (see CPLR 2221[e]; Windham v New York City Tr. Auth., 115 AD3d 597, 599 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 31, 2024